## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS SIGGERS**, on behalf of himself and all others similarly situated, | ) ) ) CASE NO. |
| Plaintiff, | ) ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| v. | ) ) **JURY DEMAND ENDORSED HEREON** |
| **LE ENERGY, LLC**, | ) ) |
| Defendant. | ) ) |

Plaintiff Nicholas Siggers ("Plaintiff"), by and through counsel, for his Complaint against Defendant LE Energy, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA")*,* the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq*. ("OMFWSA"), and the Ohio Constitution, Oh. Const. Art. II, § 34a (the OMFWSA and Oh. Const. Art. II, § 34a are collectively referenced as the "Ohio Wage Laws"). The following allegations are based on personal knowledge of Plaintiff's own conduct and upon information and belief as to the conduct and acts of others, state and allege as follows:

### INTRODUCTION

1) This case challenges policies and practices of Defendant that violate the FLSA and the Ohio Wage Laws, and concerns the underpayment of overtime and/or minimum wages to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" on behalf of himself and other "similarly situated" employees who may join this case pursuant to pursuant to 29 U.S.C. §216(b).

1

3) Plaintiff also brings this case as a collective action pursuant to O.R.C. §41114.14(K) to remedy violations of the Ohio Wage Laws for the non-payment of minimum wages on behalf of all similarly situated employees currently or previously employed by Defendant in Ohio within the three (3) years preceding the filing of this Action.

4) Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for the non-payment of overtime on behalf of all similarly situated employees currently or previously employed by Defendant in Ohio within the two (2) years preceding the filing of this Action.

## JURISDICTION AND VENUE

5) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8) Plaintiff is an adult individual residing in Ohio.

9) Within the last three years, Plaintiff and those similarly situated were employed by Defendant within the meaning of the FLSA and the Ohio Wage Laws.

10) Defendant is a Michigan for-profit limited liability company that is registered to do business in Ohio.[1] Defendant has "Utility Gas and Power" registered as a trade name with the Ohio

---

[1] https://bizimage.ohiosos.gov/api/image/pdf/201629203352 (last viewed 9/9/21).

Secretary of State.[2] Defendant can be served via its registered agent, CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus OH 43219.

11) At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio Wage Laws.

12) At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.14(K), which is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

15) According to its website, "LE Energy operates Utility Gas and Power LLC and Michigan Natural Gas LLC.[3]

16) According to its website, "Utility Gas & Power (UGP) is a licensed alternative energy provider in Illinois and Ohio" and "Michigan Natural Gas (MNG) is a licensed Alternative Gas Supplier of natural gas services in the state of Michigan."[4]

17) Plaintiff and other similarly situated employees are or were employed by Defendant to go door-to-door to solicit customers for Defendant.

18) Plaintiff was employed by Defendant in the Cleveland, Ohio area.

---

[2] https://bizimage.ohiosos.gov/api/image/pdf/202119300894 (last viewed 9/9/21).
[3] *See* https://www.leenergy.com/untitled (last viewed 9/9/21).
[4] *Id*.

19) Defendant has managers or team leaders pick up Plaintiff and other similarly situated employees to go "into the field" to solicit customers door-to-door on Defendant's behalf.

20) Although Plaintiff and other similarly situated employees go door-to-door to solicit customers on Defendant's behalf, they do not actually make or finalize any sales.

21) Rather, when a potential customer indicates an interest in Defendant's products, a third-party verification service contacts the potential customer by phone. Defendant required Plaintiff or other similarly situated employees to leave when a potential customer communicates with the third-party verification service.

22) It is the third-party verification service and Defendant that finalize the sales transaction, not Plaintiff or other similarly situated employees.

23) Plaintiff and other similarly situated employees do not get potential customers to enter into binding contracts with Defendant, and potential customers are not obligated to complete a transaction with Defendant. Nor is Defendant obligated to enter into a transaction with the potential customer.

24) Plaintiff and others similarly situated do not actually make sales, do not operate independently, and are closely supervised by Defendant.

25) Plaintiff and others similarly situated are trained and required to follow certain procedures and Defendant-provided scripts to use when meeting potential customers.

26) Plaintiff and others similarly situated are not required to have prior sales experience to perform their assigned and scripted tasks for Defendant.

27) Plaintiff and others similarly situated are required to wear uniforms, such as shirts with company name and/or logo.

28) In addition to assigning tasks and scripts, Defendant controls the days, hours, and areas worked by Plaintiff and others similarly situated.

29) Plaintiff and others similarly situated are not permitted to deviate from the assigned canvassing areas or script.

30) Plaintiff and others similarly situated do not have access to Defendant's marketing or competitor information which Defendant alone uses to determine and assign canvassing locations.

31) Plaintiff and others similarly situated are required to visit a minimum number of houses per day.

32) Plaintiff and others similarly situated are typically required to check in with Defendant regularly.

## Misclassification as Independent Contractors

33) Defendant misclassified Plaintiff and others similarly situated as independent contractors. However, the economic reality was that Plaintiff and others similarly situated were employees of Defendant.

34) The duties that Plaintiff and others similarly situated performed for Defendant were an integral part of Defendant's business and generated revenue for Defendant.

35) Defendant also has the right to control and does, in fact, control the manner in which Plaintiff and others similarly situated perform their work, including setting canvassing areas and times worked, and mandating scripts used by Plaintiff and others similarly situated.

36) Plaintiff and others similarly situated are not required to have any unique or highly specialized skill, and whatever training was necessary for Plaintiff and others similarly situated to perform their job duties was provided by Defendant.

37) Plaintiff and other similarly situated employees were not required to make any investment in specialized equipment to perform their job duties. Rather, these were provided by Defendant.

38) Plaintiff and others similarly situated do not have the opportunity to increase their opportunities for profit or loss through managerial skill.

## Overtime and/or Minimum Wage Violations

39) Plaintiff and others similarly situated regularly work more than 40 hours in a workweek.

40) Plaintiff and others similarly situated are not paid at least one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

41) Plaintiff and others similarly situated are paid commission only.

42) However, if the customer subsequently cancels, or for other reasons not explained to Plaintiff and others similarly situated, Defendant recoups the entire or partial amounts paid to Plaintiff and others similarly situated in later paychecks. This sometimes results in sub-minimum wage compensation. Accordingly, in addition to unpaid overtime, Defendant pay practices described herein also result in unpaid minimum wages in certain workweeks.

43) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

44) The primary duties of Plaintiff and those similarly situated were not management.

45) The primary duties of Plaintiff and those similarly situated were not sales.

46) Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Ohio Wage Laws.

47) The exact amount of unpaid wages, including minimum wages and/or overtime compensation that Defendant failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendant or were not kept by Defendant.

48) The FLSA and the Ohio Wage Laws require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Defendant failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly situated employees. Therefore, Plaintiff and other similarly situated employees are entitled to a reasonable estimate of such time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50) Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on his own behalf and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

51) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former sales, marketing, canvassers, and solicitors who performed door-to-door sales, marketing, canvassing, and/or soliciting for Defendant (or other individuals who performed similar work for Defendant but who had different job titles) and who worked 40 or more hours in any workweek at any time in the three (3) years preceding the date of the filing of this Action to the present (the "FLSA Collective").**

52) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid minimum wages and/or overtime compensation, liquidated

damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

53) The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## OHIO COLLECTIVE ACTION ALLEGATIONS

54) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55) Plaintiff brings this action on his own behalf and on behalf of other similarly situated employees pursuant to O.R.C. § 4111.14(K) who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

56) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the Ohio collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former sales, marketing, canvassers, and solicitors who performed door-to-door sales, marketing, canvassing, and/or soliciting for Defendant in Ohio (or other individuals who performed similar work for Defendant but who had different job titles) and who worked 40 or more hours in any workweek at any time in the three (3) years preceding the date of the filing of this Action to the present (the "Ohio 4111.14(K) Collective").**

57) This action is maintainable as an "opt-in" collective action pursuant to O.R.C. §4111.14(K) as to claims for unpaid minimum wages, liquidated damages, and attorneys' fees and

costs under the Ohio Wage Laws. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

58) The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to O.R.C. § 41114.14(K), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs under the Ohio Wage Laws.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

59) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of current or former employees employed by Defendant in Ohio, and of which he too is a member, defined as:

> **All current and former sales, marketing, canvassers, and solicitors who performed door-to-door sales, marketing, canvassing, and/or soliciting for Defendant in Ohio (or other individuals who performed similar work for Defendant but who had different job titles) and who worked 40 or more hours in any workweek at any time in the two (2) years preceding the date of the filing of this Action to the present (the "Ohio Overtime Class").**

60) The Ohio Overtime Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Overtime Class; but, upon information and belief avers that each class consists of as many as approximately 80 employees (the exact number will be in Defendant's records, if kept).

61) There are questions of law or fact common to the Ohio Overtime Class including: whether Defendant's practices in Ohio resulted in its employees not being paid overtime wages and whether such wages remain unpaid.

62) Plaintiff will adequately protect the interests of the Ohio Overtime Class members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Overtime Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Overtime Class in this case.

63) The questions of law or fact that are common to the Ohio Overtime Class predominate over any questions affecting only individual members include whether the Ohio Overtime Class members were misclassified as independent contractors and whether they were paid all overtime and minimum wages earned. The primary questions that will determine Defendant's liability to the class are common to class as a whole and predominate over any questions affecting only individual class members.

64) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Overtime Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Overtime Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime/Minimum Violations – FLSA Collective)

65) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66) Defendant is an "employer" covered by the minimum wage and overtime requirements of the FLSA.

67) Defendant has a company-wide policy of misclassifying the FLSA Collective members as independent contractors, resulting in minimum wage and overtime violations.

68) As employees of Defendant, the FLSA Collective members work or worked hours in a workweek in which they were not paid a minimum wage.

69) As employees of Defendant, the FLSA Collective members work or worked more than 40 hours in a workweek but were not paid overtime compensation for those hours at a rate of at least one and one-half times their regular rates.

70) Defendant violated the FLSA by failing to pay FLSA Collective members at a least a minimum wage for all hours worked in a workweek and/or overtime compensation for hours worked over 40 in a workweek.

71) The FLSA Collective were not exempt under the FLSA.

72) Defendant's practices and policies described herein violated the FLSA.

73) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by the FLSA Collective members violated the FLSA.

74) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

75) As a result of Defendant practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA, and because wages remain unpaid, damages continue.

76) Pursuant to the FLSA, Plaintiff and the FLSA Collective are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs incurred.

## COUNT TWO
### (Ohio Minimum Wage Violations – Ohio 4111.14(K) Collective)

77) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

78) Defendant is an "employer" covered by the minimum wage requirements of the Ohio Wage Laws.

79) Defendant violated the Ohio Wage Laws by having a company-wide policy of misclassifying the Ohio 4111.14(K) Collective as independent contractors and by not paying them at least the Ohio minimum wage for each hour worked in a workweek in the last three (3) years.

80) The Ohio 4111.14(K) Collective members were not exempt under the Ohio Wage Laws.

81) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by the Ohio 4111.14(K) Collective members further violated the Ohio Wage Laws.

82) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

83) As a result of Defendant's practices, Plaintiff and the Ohio 4111.14(K) Collective members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws, and because wages remain unpaid, damages continue.

84) Pursuant to the Ohio Revised Code, Plaintiff and the Ohio 4111.14(K) Collective are entitled to wages dating back three (3) years, treble damages, and attorneys' fees and costs incurred.

## COUNT THREE
### (Overtime Violations – Ohio Overtime Class)

85) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

86) Defendant is an "employer" covered by the overtime requirements set forth in the OMFWSA.

87) Defendant violated the Ohio Wage Laws by having a company-wide policy of misclassifying the Ohio Overtime Class as independent contractors and for not paying them for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

88) As employees of Defendant, the Ohio Overtime Class members work or worked more than 40 hours in a workweek, but were not paid overtime compensation for those hours.

89) The Ohio Overtime Class members were not exempt under the OMFWSA.

90) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

91) As a result of Defendant's practices, Plaintiff and the Ohio Overtime Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA, and because wages remain unpaid, damages continue.

92) Pursuant to the Ohio Revised Code, Plaintiff and the Ohio Overtime Class are entitled to unpaid overtime, and attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and all similarly situated employees collectively pray that this Honorable Court issue an order:

A. Conditionally certifying this case as a "collective action" pursuant to 29 U.S.C. §216(b) and O.R.C. § 4111.14(K); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b) and O.R.C. § 4111.14(K), and the Ohio Overtime Class members;

C. Award Plaintiff, and the collectives and classes he represents, actual damages for unpaid wages;

D. Award Plaintiff, and the collectives and classes he represents, statutory damages, including liquidated damages equal in amount to the unpaid overtime and treble damages for unpaid minimum wages found due;

E. Award Plaintiff, and the collectives and classes he represents, pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff, and the collectives and classes he represents, attorneys' fees, costs, and disbursements;

G. Award Plaintiff an additional Service Award; and,

H. Award Plaintiff, and the collectives and classes he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)